NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued April 19, 2012
Decided April 24, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2634

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee*,

*v.*

EMMETT BUFFMAN,
　　　*Defendant-Appellant*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 07 CR 143
Joan Humphrey Lefkow, *Judge*.

**Order**

After a bench trial, the district court found Emmett Buffman guilty of possessing a firearm in furtherance of a drug crime. 18 U.S.C. §924(c). He pleaded guilty to four other charges. The district court sentenced him to 60 months' imprisonment on the §924(c) charge, and as the statute provides this sentence runs consecutively to the 60-month sentence on the other four convictions, for a total sentence of 120 months.

Agents found the gun—a loaded .22 caliber revolver—on a shelf in Buffman's home immediately below 61.5 grams of cocaine. Before the grand jury, the prosecutor asked Buffman whether he kept the gun to protect his drug-distribution business. He replied: "I guess, yes, ma'am." This admission was introduced at trial, and the judge inferred from Buffman's answer, plus the proximity between the gun and the drugs, that the

weapon had been possessed "in furtherance of" the drug crime. That was a rational inference for the trier of fact to draw; we reject Buffman's contention that the evidence was insufficient to support the conviction.

Buffman contends that making the firearms sentence consecutive to the drug sentences violates the cruel and unusual punishments clause of the eighth amendment. Yet the total sentence of imprisonment, for a multi-kilogram drug operation plus a weapons conviction, was only ten years. The Supreme Court held in *Harmelin v. Michigan*, 501 U.S. 957 (1991), that life in prison for distributing 650 grams of cocaine is permissible under the eighth amendment. Buffman's 120-month sentence for a larger quantity of drugs, plus a weapon, is much lower. Nothing in the Constitution forbids marginal deterrence for extra crimes; if the sentence for the firearm were concurrent with the sentence for distributing the cocaine, then there would be neither deterrence nor punishment for the extra danger created by mixing guns with drugs. Buffman's total sentence is 150 months below the low end of the range computed under the Sentencing Guidelines. He has been treated leniently and has no complaint.

AFFIRMED